E-FILED on    9/28/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND AND COMMUNICATIONS EMPLOYEE BENEFIT TRUST FUNDS; DOUG LUNG AND BOB TRAGNI AS TRUSTEES OF THE NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND AND COMMUNICATIONS DISTRICT NO. 9 HEALTH AND WELFARE TRUST FUND,<br><br>    Plaintiffs,<br><br>    v.<br><br>WIRELESS COMMUNICATIONS UNLIMITED, a California Corporation doing business as EAGLE ENVIRONMENTAL CONSTRUCTION,<br><br>    Defendants. | No. C-07-00576 RMW<br><br>ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT<br><br>**[Re Docket No. 15]** |

Plaintiffs filed the present action on January 29, 2007 and the complaint was served on May 3, 2007. No response or appearance has been made by Wireless Communications Unlimited d/b/a Eagle Envrionmental Construction ("Eagle"). On June 6, 2007, default was entered against Eagle. Plaintiffs now apply for default judgment against Eagle. Eagle did not file any opposition. The court heard oral argument on the motion on Friday, September 28, 2007. No appearance was made

1  by defendant. For the reasons set forth below, the court grants plaintiffs' application for default
2  judgment.

## I. BACKGROUND

Plaintiffs have sued defendant Eagle for failure to pay employee benefits pursuant to a collective bargaining agreement covering certain of its employees. These employee benefits were to be paid on a monthly basis into certain Northern California-Northern Nevada Sound and Communications Employee Benefit Trust Funds no later than the fifteenth day of each month following the month for which payment is made. Decl. Bob Tragni Supp. Mot. Default J. ("Tragni Decl.") ¶ 3. The amounts to be submitted are based on the number of hours worked by the employees covered by a collective bargaining agreement. Compl. ¶ 6. According to defendants, Eagle is subject under a collective bargaining agreement to the 9th District Sound & Communications Agreement covering California, Oregon, Nevada, and Washington, and the Northern California & Northern Nevada Addendum No. 2 Sound & Communications Agreement ("Addendum 2"). *See id.,* Ex. 1. Pursuant to Addendum 2, these agreements bind Eagle to pay, *inter alia*, pension benefits and health and welfare benefits in accordance with the provisions of the applicable trust agreement for each fund. *Id.*, Ex. 1 at 30, 33.

On March 5, 2006, Eagle submitted transmittals regarding contributions for the months of October 2006 through January 2007. Decl. of Melanie Houston Supp. Mot. Default J. ("Houston Decl.") at 2:2-10; Decl. of Sue Campbell Supp. Mot. Default J. ("Campbell Decl.") ¶ 4. These payments were late and, according to plaintiffs, under the trust agreement provisions require Eagle to pay liquidated damages of 10% and interest of 8% on the delinquent amounts. Eagle also allegedly failed to report two projects it worked with two different general contractors: (1) the Cal State University Hayward project and (2) the Ascend School project (collectively, "the unreported projects"). Plaintiffs determined that the total due on the Cal State University Hayward project was $26,843.68 but settled with the general contractor for $17,778.62. Plaintiffs determined that the total due on the Ascend School project was $7,678.36 but settled with the general contractor for that project for $3,194.44. Both settlements have been paid by the respective general contractors, but plaintiffs now seek liquidated damages and interest on these delinquent payments from Eagle.

## II.  ANALYSIS

Plaintiffs seek damages as follows:

| | |
|---|---:|
| Liquidated Damages at 10%: | 3,959.67 |
| Prejudgment Interest at 8%: | 1,237.94 |
| Attorney's Fees: | 9,418.50 |
| Attorney's Costs: | 1,032.00 |
| | ---------------- |
| | $15,648.11 |

### A.   Liquidated Damages

Pursuant to the collective bargaining agreement between plaintiffs and defendant, liquidated damages are due for delinquent fringe benefits in the amount of 10% of the amount owed.  Eagle submitted delinquent fringe benefit payments for the months of May 2005 through January 2007, but because these payments were late, it incurred the 10% liquidated damage penalty.  Plaintiffs request payment for unpaid liquidated damages for the period from May 2006 through January 2007 as well as liquidated damages on the settlements collected from the general contractors on the two unreported projects.  Notably, with respect to the unreported projects, plaintiffs seek liquidated damages of 10% of the settlement amount, rather than the amount originally determined to be owed by Eagle.

When entering default judgment, the court must determine what violations, if any, arise from the well-pled allegations of the complaint.  The court need not make detailed findings of fact in the event of a default judgment.  *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).  It must, however, make particularized findings as to damages.  *Id.*  The "general rule is that upon default, allegations of the complaint are accepted as true except as to damages."  *Id.* (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).  Based on the declarations submitted by defendants, it appears that the liquidated damages are owed under the terms of the trust and that plaintiffs have correctly assessed 10% liquidated damages on the delinquent payments made by Eagle and on the reduced amounts paid in settlement by the general contractors on the Cal State University Hayward and Ascend projects.

### B.   Prejudgment Interest

Plaintiffs seek prejudgment interest on the delinquent payments at an annual rate of 8%. Campbell Decl. ¶ 10. Plaintiffs ask for interest of $1,237.97. ERISA provides that interest on unpaid contributions shall be determined by using the rate provided for in the plan or, if none, the rate prescribed under I.R.C. § 6621(g)(2). 29 U.S.C. § 1132(g)(2). The Health & Welfare Trust Fund agreement provides for interest at an annual rate of 8%. Houston Decl., Ex. 1 at 10-11. The court concludes that 8% is an appropriate prejudgment interest rate.[1]

### C.   Attorney's Fees and Costs

Plaintiffs' counsel seeks attorney's fees of $9,418.50 for a total of 45.3 hours plus 3 hours to prepare the default judgment. Campbell Decl. ¶ 2. The court has reviewed the billing statements submitted by plaintiffs' counsel. Although originally concerned that the amount of attorney's fees was over double the amount of damages and interest sought and that the costs requested seemed high, it appears that the additional attorney's fees were incurred seeking settlement of the fringe benefit amounts for the Cal State University Hayward and Ascend projects and the additional costs were incurred attempting to serve Eagle. The court finds counsel's billing rate and the billed hours and costs reasonable and awards attorney's fees of $9,418.50 (48.3 x $195) and costs of $1,032.00.

### III.  ORDER

For the foregoing reasons, the court hereby enters judgment against defendant Wireless Communications Unlimited d/b/a Eagle Environmental Construction and in favor of plaintiffs. Plaintiffs are entitled to an award of liquidated damages for delinquent contributions at a rate of 10%, or $3,959.67. As requested by plaintiffs, the court grants plaintiffs interest on the delinquent contributions in the amount of $1,237.94. Plaintiffs' counsel is entitled to attorney's fees of $9,418.50 and costs of $1,032.00.

DATED:   9/28/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

---

[1]   I.R.C. § 6621(g)(2) generally provides that the quarterly interest rate for underpayment is the federal short-term rate for the first month of that quarter plus three percentage points. Applying I.R.C. § 6621(g)(2), the annual interest rate would be approximately 8%.

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Sue Campbell                    suecampbell@att.net

**Counsel for Defendants:**

(no appearance)

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     9/28/07                             /s/ MAG
                                        **Chambers of Judge Whyte**